**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**AARON FREEMAN,**

     **Plaintiff,**

**v.**                                **Case No.:**

**DAN HAAN LLC d/b/a MR.**
**APPLICANCE OF MARION COUNTY**
**and DANIEL HAAN, INDIVIDUALLY**
**and NANCY HAAN, INDIVIDUALLY,**

     **Defendants.**

_____/

**COMPLAINT**

Plaintiff AARON FREEMAN, ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, DAN HAAN LLC d/b/a MR. APPLICANCE OF MARION COUNTY, DANIEL HAAN, Individually and NANCY HAAN, Individually (hereinafter "Defendants") and in support thereof states as follows:

**INTRODUCTION**

This is an action brought pursuant to the Civil Rights Act of 1866, amended, 42 U.S.C. §1981 ("Section 1981") for discrimination, harassment and retaliation and seeks to recover front pay, back pay, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiffs are entitled.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this matter arises under 28 U.S.C §1331 with federal questions involving Section 1981.

2.      This Court has jurisdiction over Plaintiffs' claims because, at all times material to this Complaint, Plaintiffs worked for Defendant in Marion County, Florida.

3.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Marion County, Florida.

## PARTIES

4.      Defendant, Dan Haan, LLC is a Florida Corporation. At all material times hereto, Defendant maintained an office in Marion County, Florida.

5.      Defendants Daniel Haan and Nancy Haan are a married couple who jointly own and manage Dan Haan, LLC.

6.      Both Mr. and Mrs. Haan reside in Marion County, Florida.

7.      At all times material hereto, Mr. Haan, as owner and manager of the Company, regularly held and/or exercised the authority to discipline, hire, and fire employees of the Company – including Plaintiff.

8.      At all times material hereto, Mr. Haan, as owner and manager of the Company, held and/or exercised the authority to supervise and/or determine work schedules or conditions of employment for the employees of the Company.

9.      At all times material hereto, Mrs. Haan, as owner and manager of the Company, regularly held and/or exercised the authority to discipline, hire, and fire employees of the Company – including Plaintiff.

10.     At all times material hereto, Mrs. Haan, as owner and manager of the Company, held and/or exercised the authority to supervise and/or determine work schedules or conditions of employment for the employees of the Company.

11.    Plaintiff, Aaron Freeman, is an adult individual who resides in Marion County, Florida.

12.    At all times material hereto, Defendants jointly employed Mr. Freeman.

## FACTUAL ALLEGATIONS

13.    Mr. Freeman was hired in or about November 2018 and worked for Defendants until his termination in or about January 2020.

14.    Mr. Freeman worked as a Customer Services Representative throughout his employment with Defendants.

15.    Mr. Freeman is ¼ African-American.

16.    Mr. Freeman was subjected to a racially hostile work environment created by a co-worker – David Olsen – throughout his employment with Defendants.

17.    Mr. Olsen repeatedly made discriminatory comments regarding women, African-Americans, and other racial demographics including Asian-Americans.

18.    Mr. Olsen also referred to Mr. Freeman and African-American customers as "nigger," "knuckle dragger," "shit-skin" and referred to Asian-Americans as "fucking chinks[1]."

19.    In September 2019 Mr. Freeman and a coworker, Erica Brinning, complained to Mr. and Mrs. Haan about Mr. Olsen's conduct.  See attached notes outlining complaints made by Mr. Freeman and Ms. Brinning to Mr. and Mrs. Haan attached as Exhibit "1."

20.    Mr. Haan told Mr. Freeman that he needed to "quit being so sensitive."   No actions were taken by Defendants to stop Mr. Olsen's behavior and, as to be expected, it continued.

---

[1] Chink is a derogatory name for Asians.

21.     Mr. Olsen began eating lunch in Ms. Brinning office – something he had never done before Plaintiff and Ms. Brinning filed complaints.

22.     Mr. Olsen continued to refer to Mr. Freeman and African-American customers in the same racially derogatory terms described in paragraph 18.

23.     In January 2020, Mr. Freeman witnessed Mr. Olsen make slurping noises directed towards Ms. Brinning while in her office.  Ms. Brinning asked Mr. Olsen to stop when he responded that the noise he made was what he sounded like when he was "eating pussy."

24.     The following day Mr. Freeman and Ms. Brinning went to Mr. Haan to report what happened the day prior as well as Mr. Olsen's continued discriminatory conduct which had continued to occur since their first complaints in September 2019.

25.     Mr. Haan responded by telling Mr. Freeman that he was fired because Mr. Haan was "sick and tired of people complaining about Mr. Olsen's behavior."  Ms. Brinning, a White woman, was not terminated.

## COUNT I
## DISCRIMINATION BASED ON RACE AGAINST ALL
## DEFENDANTS IN VIOLATION OF SECTION 1981

26.     Plaintiff re-alleges and adopts paragraph 1 – 25 as though set forth fully herein.

27.     Plaintiff is a member of a protected class under Section 1981 due to his race.

28.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his race in violation of Section 1981 when it terminated him for filing a complaint but did not terminate a White employee making the same complaints at the same time as he had.

29.     Defendants knew or should have known of the discrimination.

30.    The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from lost wages in the form of benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.   Front Pay;

      b.   Back Pay;

      c.   Compensatory damages for emotional pain and suffering;

      d.   Injunctive relief;

      e.   Prejudgment interest;

      f.   Punitive Damages;

      g.   Costs and attorney's fees; and,

      h.   Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION AGAISNT ALL DEFENDANTS IN VIOLATION OF SECTION 1981

31.    Plaintiff re-alleges and adopt paragraph 1 – 25 as though set forth fully herein.

32.    Plaintiff is a member of a protected class under Section 1981 because he engaged in protective activities.

33.    Plaintiff engaged in protected activity when he complained to Defendants that he had been subjected to racial harassment by Mr. Olsen and about the ongoing severe and pervasive harassment and hostile work environment created by Mr. Olsen.

34.    In response to his complaints, and despite having been employed for more than one year, Mr. Freeman was terminated on the same day that he made his second complaint to

Defendants (and that was four months after his first complaint which Defendants never attempted to investigate or remedy).

35.    By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities in violation of Section 1981.

36.    Defendants knew, or should have known, of the retaliation and harassment that Plaintiff was subjected to.

37.    The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from lost wages, benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs prays for a trial by jury and all legal and equitable relief allowed by law including:

i.    Back pay,

j.    Front pay,

k.    Compensatory damages for emotional pain and suffering;

l.    Injunctive relief;

m.    Prejudgment interest;

n.    Punitive damages;

o.    Costs and attorney's fees; and,

       Such other relief as the Court may deem just and proper.

<u>**COUNT III**</u>
<u>**HOSTILE WORK ENVIRONMENT BASED ON RACE**</u>
<u>**AGAINST ALL DEFENDANTS IN VIOLATION OF SECTION 1981**</u>

38.     Plaintiff re-alleges and adopt paragraph 1-25 as though set forth fully herein.

39.     Plaintiff was harassed and subjected to a hostile work environment based on the aforementioned conduct of Mr. Olsen.

40.     Defendants knew, or should have known, of the hostile work environment which had been created by Mr. Olsen's due to his non-stop racially derogatory remarks, and yet despite this knowledge they failed to investigate and/or take remedial action to stop it.

41.     The described conduct of Mr. Olsen and the hostile work environment he created was both severe and pervasive.

42.     By the conduct described above, Defendants engaged in unlawful employment practices by requiring that Plaintiff work in such a racially discriminatory and toxic work environment.

43.     The above actions were created and/or permitted by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay;

b.  Front pay;

c.  Compensatory damages for emotional pain and suffering;

d.  Injunctive relief;

e.  Prejudgment interest;

f.  Punitive damages;

g.   Costs and attorney's fees; and,

h.   Such other relief as the Court may deem just and proper.

Dated this 11th day of September, 2020.

MORGAN & MORGAN, P.A.

/s/ James J. Henson
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  jjhenson@forthepeople.com
          aperez@forthepeople.com
Attorney for Plaintiff